```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                          HAMMOND DIVISION

NWI ORTHODONTICS, P.C.,      )
                             )
          Plaintiff          )
                             )
     v.                      )   Case No. 2:08-cv-332
                             )
KENNITH L. BELL,             )
                             )
          Defendant          )
```

## OPINION AND ORDER

This matter is before the court on the Motion to Strike Defendant's Response to Plaintiff's Complaint for Declaratory Judgment [DE 9] filed by the plaintiff, NWI Orthodontics, P.C., on February 4, 2009. For the reasons discussed below, the motion is **DENIED**.

### Background

The plaintiff, NWI Orthodontics, P.C., filed its Complaint for Declaratory Judgment on November 12, 2008, alleging breach of fiduciary duty to NWI's Profit Sharing and 401(k) Plan. Bell filed a document entitled Appearance and Motion for Extension of Time [DE 6] in which he explained his attempt to retain an attorney and requested until January 14, 2009, to answer or otherwise respond to the Complaint. Despite the title, Bell did not assert in this motion that he would be a *pro se* litigant. This court granted the request for a time extension.

Bell answered with the Response to Plaintiffs [sic] "Complaint for Declaratory Judgment" [DE 8] filed on January 15, 2009. With his "response," Bell included a letter explaining that he was a *pro se* litigant. Bell's response asserted his

version of the facts, then requested relief, but did not follow the procedure of admitting, denying, or requiring more information regarding the plaintiff's claims.

NWI filed its Federal Rule of Civil Procedure 12(f) motion to strike, alleging that the response does not comply with the mandates of Federal Rule of Civil Procedure 8(b) and suggesting that this failure was fatal to Bell's defense. Bell responded to this motion with a properly drafted Answer to Plaintiff's Complaint with Additional Material [DE 10] filed on February 19, 2009.

While the motion to strike was pending, Bell wrote a letter to the court explaining his further search for legal representation and requesting a continuance of the Rule 16 Conference [DE 14]. Although NWI objected, the court granted the motion.

<u>Discussion</u>

Rule 8(b) provides:

> (1) In General. In responding to a pleading, a party must:
>
>> (A) state in short and plain terms its defenses to each claim asserted against it; and
>>
>> (B) admit or deny the allegations asserted against it by an opposing party.
>
> (2) Denials – Responding to the Substance. A denial must fairly respond to the substance of the allegation.
>
> (3) General and Specific Denials. A party that intends in good faith to deny all the allegations of a pleading – including the jurisdictional grounds – may do so by a gen-

2

> eral denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.
>
> (4) Denying Part of an Allegation. A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest.
>
> (5) Lacking Knowledge or Information. A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial.
>
> (6) Effect of Failing to Deny. An allegation - other than one relating to the amount of damages - is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied and avoided.

Rule 8(c) mandates that "a party must affirmatively state any avoidance or affirmative defense" in its responsive pleading.

"[T]he Seventh Circuit does not hold *pro se* litigants to the same standard as counseled litigants." ***More v. R & L Carriers, Inc.***, 2002 WL 1632206, at *2 (N.D. Ill. July 23, 2002) (*citing* ***McCottrell v. EEOC***, 726 F.2d 350, 351 (7th Cir. 1984)). It is well established that *pro se* pleadings shall be liberally construed and "are entitled to less stringent scrutiny than those prepared by counsel." ***Gutierrez v. Peters***, 111 F.3d 1364, 1369 (7th Cir. 1997). This holds true for the *pro se* civil defendant just as for the *pro se* plaintiff.

Although NWI is correct that Bell's initial attempt fell short of the Rule's demands, when prompted, Bell filed an accept-

able answer. [DE 10] There is no reason why this cannot suffice, and this cause of action can proceed with the scheduled Rule 16 Conference as planned. Bell was given the prepared discovery plan by his former counsel, giving him the information necessary to participate in the Rule 16 Conference. The court will hold NWI to its offer in its objection to the continuance of the Rule 16 Conference to allow Bell to participate telephonically because he resides in Pennsylvania.

_____

For the aforementioned reasons, the Motion to Strike Defendant's Response to Plaintiff's Complaint for Declaratory Judgment [DE 9] filed by the plaintiff, NWI Orthodontics, P.C., on February 4, 2009, is **DENIED**. The Clerk is **DIRECTED** to refile DE 10 as the Amended Answer. The parties will participate as planned in the scheduled Rule 16 Conference on July 24, 2009, regardless of whether Bell proceeds *pro se* or obtains legal counsel in his defense.

ENTERED this 24th day of July, 2009

                                              s/ ANDREW P. RODOVICH
                                                 United States Magistrate Judge